UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

PASHA S. ANWAR, et al.,                          :

                     Plaintiffs,        :

       -against-                                :

FAIRFIELD GREENWICH LTD, et al.,         :

              Defendants.         :

This document relates to the                     :
Citco Cases

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY  FILED
DOC #: _____
DATE FILED: 7/8/2013

**DISCOVERY ORDER**


09 Civ. 118 (VM) (FM)

**FRANK MAAS,** United States Magistrate Judge.

      This multi-district litigation consolidates numerous actions brought by investors against various funds, administrators, intermediary banks, and auditors in an attempt to recover losses arising out of the now-infamous Bernard Madoff investment scandal.  On April 25, the Plaintiffs deposed Renger Boonstra, a senior in-house lawyer at Citco Bank Nederland, one of several defendant banks alleged to have provided financial account services for the Fairfield Greenwich "feeder" funds.  During the deposition, counsel for the Citco Defendants instructed Mr. Boonstra not to answer certain questions, apparently on the theory that the Plaintiffs' inquiries related to matters protected by the attorney-client privilege.

      Mr. Boonstra is a lawyer by education, but he is not a licensed attorney.  Although licensure is not a requirement for serving as in-house counsel in the Netherlands, Dutch law does not recognize an attorney-client privilege for communications with unlicensed in-house lawyers.  Accordingly, the Plaintiffs have

requested an order overruling the Citco Defendants' privilege objections. In addition, the

Plaintiffs seek to compel disclosure of several of Mr. Boonstra's email communications

that the Citco Defendants have withheld on privilege grounds.

The Citco Defendants have a rather different view of the matter. They

argue that American – not Dutch – law governs the dispute. As a consequence, the Citco

Defendants contend that their communications with Mr. Boonstra are privileged even if

he was unlicensed because Citco had a "reasonable belief" that Mr. Boonstra was its

attorney.

In determining which country's law applies to a privilege dispute involving

foreign attorney-client communications, courts in this Circuit consider the country with

which the communications "touch base." Gucci America, Inc. v. Guess?, Inc. ("Gucci

I"), 271 F.R.D. 58, 64-65 (S.D.N.Y. 2010). Under this analysis, the Court applies "the

law of the country that has the 'predominant' or 'the most direct and compelling interest'

in whether [the] communications should remain confidential, unless that foreign law is

contrary to the public policy of this forum." Astra Aktiebolag v. Andrx Pharmaceuticals,

Inc., 208 F.R.D. 92, 98 (S.D.N.Y. 2002) (quoting Golden Trade, S.r.L. v. Lee Apparel

Co., 143 F.R.D. 514, 522 (S.D.N.Y. 1992)). "The jurisdiction with the 'predominant

interest' is either 'the place where the allegedly privileged relationship was entered into'

or 'the place in which that relationship was centered at the time the communication was

sent.'" Id. Thus, American law typically applies to communications concerning "legal

proceedings in the United States" or "advice regarding American law," while

communications relating to "foreign legal proceeding[s] or foreign law" are generally governed by foreign privilege law.  Gucci I, 271 F.R.D. at 65.

Mr. Boonstra's communications likely "touch base" with the United States because they are related to legal issues arising out of the Citco Defendants' role in the administration of key feeder funds involved in the Madoff scheme.  I say "likely" because the communications at issue were not provided to me for in camera review, and my understanding of their contents is therefore based solely on the general descriptions set forth in the parties' letters.  There is no need to resolve this question, however, because the same result obtains whether the communications "touch base" here or in the Netherlands.

If the Plaintiffs are correct that Dutch law applies, the Boonstra communications plainly are not privileged.  Although Dutch law affords a "legal professional privilege" to licensed in-house counsel, there is no recognized Dutch privilege for unlicensed lawyers.  In re X v. Stichting H9 Invest, HR Mar. 15, 2013, LJN BY6101.  Nor does there appear to be any exception to that rule in circumstances where a client reasonably believes that its conversations are privileged.

If, on the other hand, the Citco Defendants are correct that American law governs, Mr. Boonstra's communications still are not privileged.  In the United States, the attorney-client privilege generally applies only to communications with attorneys who are licensed to practice law.  In re Grand Jury Subpoenas Dated January 20, 1998, 995 F. Supp. 332, 337 (E.D.N.Y. 1998) (Raggi, J.).  Since Mr. Boonstra is unlicensed, no privilege could attach to his communications with the Citco Defendants.

Notwithstanding the general rule that the attorney client privilege applies only to licensed attorneys, courts have found communications with non-attorneys to be privileged in limited circumstances in which the client "reasonab[ly] believe[s] that the person to whom the communications were made was in fact an attorney." Gucci America, Inc. v. Guess?, Inc. ("Gucci II"), No. 09 Civ. 4373 (SAS), 2011 WL 9375, at *2 (S.D.N.Y. Jan. 3, 2011). In Gucci II, for example, the court applied this exception to the communications of a Gucci in-house lawyer in California who, despite having been admitted to the bar in California and two other jurisdictions, was unauthorized to practice law in California because his bar membership status there was "inactive." Id. at *4-5. To support its privilege claim, Gucci submitted, among other things, six declarations from its present and former executives stating that they considered the in-house lawyer to be an attorney. In addition, Gucci adduced evidence that the lawyer routinely appeared in court and before administrative agencies, and that it had paid his California bar membership fees throughout his tenure as in-house counsel. Id. at *5. Based upon this evidence, the court concluded that Gucci had demonstrated that it reasonably believed its lawyer was a licensed attorney, thus enabling it to assert privilege with respect to its communications with him. Id.

The facts here are not at all comparable to those in Gucci II. At the outset, it is undisputed that Mr. Boonstra is not – and never has been – licensed in any jurisdiction. Second, there is no evidence that Mr. Boonstra ever held himself out as a licensed attorney or performed tasks (such as appearing in court) that would have suggested that he was admitted to the Netherlands bar. Third, although in-house counsel

4

must be admitted to the bar in order to practice in the United States, in-house lawyers in the Netherlands are permitted to be, and frequently are, unlicensed. Moreover, Dutch law requires that the employer of a licensed in-house attorney sign a professional charter committing the employer to honor its attorney's independence. See In re X v. Stichting H9 Invest, HR Mar. 15, 2013, LJN BY6101 (citing Art. 3(3) of the Practicing In-House Regulation of Nov. 27, 1996). Given that affirmative obligation, the Citco Defendants cannot credibly argue that they were reasonably mistaken as to Mr. Boonstra's licensure status.

Finally, even if the Citco Defendants mistakenly believed that Dutch law protected their communications with an unlicensed in-house attorney, the reasonable belief exception would not apply. Such an argument necessarily is predicated upon a mistake of law, but the reasonable belief exception applies only in situations where the client makes an "excusable mistake of fact." A.I.A. Holdings, S.A. v. Lehman Bros., Inc., No. 97 Civ. 4978 (LMM) (HBP), 2002 WL 31385824, at *4 (S.D.N.Y. Oct. 21, 2002). Indeed, a "client's beliefs, subjective or objective, about the law of privilege [do not] transform an otherwise unprivileged conversation into a privileged one." In re Grand Jury Subpoena Duces Tecum, 112 F.3d 910, 923-24 (8th Cir. 1997). The Citco Defendants' erroneous views on Dutch privilege law therefore cannot form the basis for the relief they presently seek.

Accordingly, the Citco Defendants' privilege objections are overruled and the motion to compel is GRANTED.

SO ORDERED.

Dated:     New York, New York
             July 8, 2013

_____
FRANK MAAS
United States Magistrate Judge

Copies to:

Hon. Victor Marrero
United States District Judge

All counsel (via ECF)